**MASCHUK d. b. a. MASCHUK REALTY CO., Plaintiff-Appellee, v. MAXAM et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23224. Decided January 12, 1955.

H. C. Wedren, Cleveland, for plaintiff-appellee.
Howell, Roberts & Stapleton, Cleveland, for defendant-appellants.

(DOYLE, PJ, HUNSICKER, J, of Ninth District: GRIFFITH, J, of Seventh District sitting by designation.)

## OPINION

By DOYLE, J:

Maschuk, a real estate broker, sued the Maxams, husband and wife, for a broker's commission, growing out of the sale of the Maxam home to the Peterses husband and wife. Trial was to the court without a jury and judgment was rendered for the broker-claimant. The defendants have appealed to this court on questions of law.

Several assignments of error have been filed, which are claimed to be prejudicial to the rights of the defendants. We are of the opinion, however, that but one serious question is before us. It is: Did the trial court err in finding, as it surely must have, that the plaintiff, Maschuk, was the

procuring cause of the sale of the property? To this question we now direct our attention.

The material facts are not in controversy.

The Maxams owned a residence property, in which they lived. They decided to sell it for an amount which would net them $14,000 indicating thereby that any broker's commission must come out of any amount received for the property from a buyer over and beyond $14,000.00. The property was listed on this understanding with several real estate brokers (i. e., on "open listing"). One was Maschuk, the plaintiff, and another was Harry Kaplysh, who consummated the sale.

Kaplysh placed a "for sale" sign on the property with his local address as broker. The Peterses saw this sign, and called Kaplysh on the telephone in respect to it. No agreement was made at this time. Shortly thereafter, the plaintiff, Maschuk, through his agent, escorted the Peterses on an inspection of the house and premises. During this inspection, the agent stated to the Peterses that the price of the property was $14,750.00. It was not accepted by the Peterses and nothing was said to the owners in respect to a purchase. The Peterses, however, were interested in purchasing the property, subject to future financing, if it could be had for $14,500.00. As indicated above, this amount was not acceptable to the agent, and nothing was said to the owners in respect thereof.

At a later time, broker Kaplysh telephoned the Peterses, and in the course of this conversation the Peterses told Kaplysh that they had inspected the property and liked it. Kaplysh then told the Peterses that he could get the property for them for $14,500.00. A purchase agreement was thereupon executed by the sellers and the purchasers and financing was arranged through the agency of Kaplysh.

From the above statement of facts, we have in reality a controversy between two brokers, with the owners holding a stake in the controversy because they will not realize $14,000 net for their property if the court was not in error in finding that the plaintiff was the procuring cause of the sale.

The law is clear that, when brokers are involved, the one who negotiated the sale and whose services constituted the procuring cause thereof, is entitled to the commission, even though another broker had formerly submitted the property to the buyer. In the case before us, the plaintiff, Maschuk, although he secured a physical inspection of the property by the purchasers and interested them greatly in a desire to own it, at no time induced them to buy at the price of $14,750.00 demanded by him. He at no time produced a purchaser who was ready, willing and able to buy on the terms which he, as agent, demanded, so that he could secure $14,000 net to the owners and a commission of $750.00 for himself. He failed to find or produce upon the terms prescribed in his employment, out of which he could secure a commission satisfactory to himself.

It is our conclusion that the facts of this case require us to say that, as a matter of law, the plaintiff was not the procuring cause of this sale, and, as a consequence thereof, a judgment in his favor was erroneous.

The judgment will be reversed and final judgment will be entered for the appellant.

HUNSICKER and GRIFFITH, JJ, concur.